UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN DIAZ, on behalf of himself and all other persons similarly situated,<br><br>         Plaintiff,<br><br>  v.<br><br>XEROX CORPORATION,<br><br>         Defendant. | Case No. 1:19-cv-07052-JGK<br><br>**RULE 26(f) REPORT** |

Pursuant to your Honor's individual rules and Rule 26(f) of the Federal Rules of Civil Procedure, the parties conferred pursuant to Rule 26(f) on September 24, 2019 during which they discussed, among other topics, the topics set forth below. Joseph H. Mizrahi of Cohen & Mizrahi LLP participated for Plaintiff EDWIN DIAZ, and Jennifer S. Rusie of OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. participated for Defendant XEROX CORPORATION.

**Rule 26(f)(3) Topics:**

A. The timing of discovery:

The Parties have conferred and propose the following discovery schedule:

| Date | Activity |
|---|---|
| October 24, 2019 | The parties shall exchange disclosures required by FED. R. CIV. P. 26. |
| November 9, 2019 | Deadline to amend pleadings. |
| February 7, 2020 | Completion of fact discovery. |
| March 23, 2020 | Expert disclosures on a matter that a party bears the burden of proof on, if any, must be made. |
| April 23, 2019 | Rebuttal expert disclosures, if any, must be made. |
| April 30, 2019 | Completion of expert discovery. |

B.    The topics of discovery:  Discovery will be sought regarding the accessibility of Defendant's website to visually impaired individuals, and any modifications made to the website to make it accessible to the visually impaired.  Discovery will also be sought regarding Plaintiff's disability and his alleged attempts to access Defendant's website.

C.    The Parties discussed disclosure and/or discovery of electronically stored information and will continue to meet and confer regarding the form in which such discovery should be produced.

D.    The Parties do not anticipate any disputes about claims of privilege or protection at this time.  The Parties plan to enter into separate stipulations concerning confidentiality and the claw-back of privileged communications which they shall attempt to negotiate and submit to the Court for its approval.

E.    The Parties do not anticipate any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure.

F.    At this time, there are no other orders that the Court should issue under Rule 26(c) or Rule 16(b) and (c).

G.    The Parties agree that service of documents by email is effective service and is complete upon emailing.

Dated: October 7, 2019

| COHEN & MIZRAHI LLP | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
|---|---|
| s/Joseph H. Mizrahi | s/Jennifer S. Rusie |
| Joseph H. Mizrahi, Esq. | Jennifer S. Rusie, Esq. |
| 300 Cadman Plaza W., 12th Fl. | 401 Commerce Street, Suite 1200 |
| Brooklyn, New York 11201 | Nashville, TN 37219 |
| Tel.: (929) 575- 4175 | Tel.: (615)687-2223 |
| *Attorneys for Plaintiff EDWIN DIAZ* | *Attorneys for Defendant XEROX CORPORATION* |