**Ogletree Deakins**

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
*Attorneys at Law*

599 Lexington Avenue, Fl 17
New York, New York 10022
Telephone: 212.492.2500
Facsimile: 212.492.2501
www.ogletree.com

Jamie Haar
212.492.2070
jamie.haar@ogletreedeakins.com

May 15, 2020

**VIA ECF**

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *Diaz v. Xerox Corporation*
               Case No. 19-cv-07052 (JGK)(BCM)

Dear Judge Koeltl:

      As Your Honor is aware, we represent defendant Xerox Corporation ("Defendant") in the above-referenced action. Following the parties' telephone conference with the Court on May 6, 2020 and in compliance with Your Honor's Individual Rule 6.A.2, the parties write jointly to request Court approval to redact a certain portion of a separate confidential letter between counsel that the Court has asked the parties to file on the public docket in order for the Court to retain jurisdiction over this action.

**Background**

      On July 29, 2019, Plaintiff Edwin Diaz, on behalf of himself and all others similarly situated ("Plaintiff"), filed a complaint against Defendant alleging that Defendant's website is not equally accessible to blind and visually-impaired consumers in violation of the Americans with Disabilities Act, and other state and local laws. (Dkt. No. 1.) On December 2, 2019, Plaintiff filed a notice of settlement advising the Court that the parties had reached a settlement in principle and were in the process of finalizing the settlement agreement. (Dkt. No. 15.)

      On February 3, 2020, the parties' requested that the Court retain jurisdiction over the parties and this action until February 3, 2022. (Dkt. No. 19.) In doing so, the parties annexed to their request a joint stipulation of dismissal which included the terms of the parties' settlement agreement and the fully executed settlement agreement. (*Id.*) While the aforementioned settlement agreement refers to a separate confidential letter regarding the agreed upon settlement payment, this letter was not filed with the Court. The February 3, 2020 request remains pending.

      On April 24, 2020, the parties renewed their request for the Court to retain jurisdiction over the parties and this action until April 23, 2022. (Dkt. No. 20.) In doing so, the parties annexed to

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

their request a joint stipulation of dismissal which included the terms of the parties' revised settlement agreement and a fully executed revised settlement agreement. The aforementioned settlement agreement does not refer to a separate confidential letter, but nonetheless, refers to a "settlement payment." In response to the parties' renewed request, on April 24, 2020, the Court ordered that the parties provide "any other written agreements between the parties in connection with the settlement." (Dkt. No. 21.) On April 30, 2020, the parties requested a conference with the Court to discuss how the Court would like the parties to submit the applicable settlement documents between the parties and the details of these documents so the parties can ensure full compliance with the Court's April order. (Dkt. No. 22.) During the parties' telephone conference with the Court, Your Honor advised that in order for the Court to retain jurisdiction over the parties and this action, the parties are required to file the aforementioned separate confidential letter.

While the parties previously agreed that this letter would remain confidential and not publicly filed, the parties have now agreed to file the letter on the public docket with the agreed upon settlement payment redacted. The separate confidential letter with the proposed redaction is annexed hereto. The parties aver that the aforementioned redaction request is narrowly tailored to serve the purpose of discouraging future lawsuits against Defendant and maintaining Defendant's bargaining position in future lawsuits and is otherwise consistent with the presumption in favor of public access to judicial documents.

**Legal Analysis**

To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

The Second Circuit has held that "there may be valid reasons [in cases] terminated by settlement for maintaining the amount of settlement in confidence when the settlement itself was conditioned on confidentiality and when the settlement documents were not filed with the court and were not the basis for the court's adjudication." *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 143 (2d Cir. 2004). Moreover, "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage." *Id.* (citing *United States v. Glens Falls Newspapers, Inc.,* 160 F.3d 853, 857 (2d Cir.1998) (approving the sealing of settlement documents and drafts because of, *inter alia,* there is no presumptive right of access to settlement discussions and documents and the court's responsibility is to encourage and facilitate settlements)). The Second Circuit reaffirmed its decision in *Glens Falls Newspapers, Inc.*, holding that "access to settlement discussions and documents has no value to those monitoring the exercise of Article III judicial power by the federal courts" and that the "presumption of access to settlement negotiations . . . is negligible to nonexistent." *See Pullman v. Alpha Media Pub., Inc.,* 624 F. App'x 774, 779 (2d Cir. 2015).

Courts in the Southern District of New York have held that "the parties' interest in maintaining the confidentiality of their settlement [including the dollar amount of plaintiff's recovery] is clearly a countervailing interest that may overcome the presumption in favor of open

records where, . . . 'the settlement itself was conditioned on confidentiality' and the settlement documents were not filed with the court and were not the basis for the court's adjudication." *See Sellick v. Consol. Edison Co. of New York, Inc.*, No. 15-CV-9082 (RJS), 2017 WL 1133443, at *8 (S.D.N.Y. Mar. 23, 2017). In *Sellick*, Judge Sullivan held that plaintiff's limited redaction requests of details related to her contemplated confidential settlement were "narrowly tailored to serve" the parties' interest in maintaining the confidentiality of their settlement. *See id.* (citing *Lugosch*, 435 F.3d at 120); *see also Perez v. Jupada Enterprises, Inc.*, No. 10-cv-3118 (JMF), 2012 WL 3042928, at *4 (S.D.N.Y. July 25, 2012) (authorizing limited redaction of statements in parties' letters that detail plaintiffs' proposed settlement of their "retaliation claims," since they "are not subject to Court approval"). In *Agnes France Presse v. Morel*, Judge Nathan provisionally granted defendant's request to redact limited information about pretrial settlement offers made to plaintiff as well as off-the-record statements about settlement by the court at the final pretrial conference. *See Agence France Presse v. Morel*, No. 10-CV-2730 AJN, 2014 WL 5568562, at *3 (S.D.N.Y. Nov. 3, 2014). In doing so, the Court recognized "the harm to future settlement efforts by both these Defendants in particular, and defendants in similar actions generally, if it were to refuse to redact the settlement offer figures. It could undermine defendants' bargaining positions and inhibit their ability to reach settlements in many cases." *Id.*

Here, it is no secret that the so-called "website accessibility cases" make up a significant portion of the Southern District's judicial docket as well as judicial dockets around the country. Indeed, just because Defendant has settled with Plaintiff here, does not mean that another individual in another state will not pursue similar claims against it. Refusing to redact the settlement payment here would harm Defendant's future settlement efforts and undermine Defendant's bargaining positions as well as inhibit their ability to reach settlements in similar cases. Doing so would also discourage plaintiffs from entering into settlements in these matters in fear of compelled disclosure of an express condition of settlement. It is the parties' strong belief that the Court adopting this position will serve as a barrier to settlement as opposed to the facilitation of one.

Based on the aforementioned case law, Defendant has a compelling interest in keeping the settlement amount paid to Plaintiff confidential that is narrowly tailored and overcomes the presumption in favor of open records. Having the Court retain jurisdiction over this action, without the publication of the settlement amount, will discourage future lawsuits and maintain Defendant's bargaining position and ability to reach settlements in the future should it get sued again.

We thank the Court for its consideration of this request.

>Respectfully submitted,
>
>OGLETREE, DEAKINS, NASH,
>SMOAK & STEWART, P.C.
>
>By: _____*/s/ Jamie Haar*_____
>         Jamie Haar

cc:   All counsel of record (by ECF)

42865956.1